# Exhibit A

# General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of CLAYTON County

**For Clerk Use Only**

Date Filed _____
MM-DD-YYYY

Case Number 2018CV00055-LH

| Plaintiff(s) | | | | | Defendant(s) | | | | |
|---|---|---|---|---|---|---|---|---|---|
| CREA, ALFRED | | | | | KRZYZANSKI, JOHN | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

Plaintiff's Attorney JOSEPH TODD    Bar Number 713750    Self-Represented ☐

## Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☒ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

2017CV01052 _____
Case Number    Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.18

IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

ALFRED CREA,

    Plaintiff,

vs.

FATHER JOHN KRZYZANSKI,

    Defendant.

Civil Action File No. 2018CV00058-LH

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney, whose name and address is:

> Joseph M. Todd, Esq.
> 104 South Main Street
> Jonesboro, Georgia 30236

an answer to the Complaint which is herewith served upon you, within 30 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This 12 day of January, 2017. 2018

    Clerk of State Court

By: _____
    Deputy Clerk

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

RECEIVED & FILED
JAN 1 2 2018
Jki Brown
CLERK STATE COURT
CLAYTON COUNTY

ALFRED CREA,

    Plaintiff,

vs.

FATHER JOHN KRZYZANSKI,

    Defendant.

Civil Action File No.

2018CV00058-LH

## COMPLAINT

**COMES NOW**, Alfred Crea, Plaintiff in the above-styled action and hereby states his Complaint against Defendant, Father John Krzyzanski and shows the Court as follows:

### VENUE AND JURISDICTION

1.

Defendant, Father John Krzyzanski, committed several tortious acts in Clayton County, State of Georgia and therefore venue and jurisdiction are proper in the State of Georgia under the Long Arm Statute.

2.

Defendant, Father John Krzyzanski, is a resident of Renesselaer, New York and may be served by second original and therefore is subject to the jurisdiction of this Court.

3.

Plaintiff, Alfred Crea, is a resident of the State of Georgia and is therefore subject to the jurisdiction of this Court.

### FACTUAL ALLEGATIONS

4.

Defendant, Father John Krzyzanski, was employed as a priest with St. Philip Benizi Catholic Church, located at 591 Flint River Rd., Jonesboro, Georgia 30238 during the times that events given rise to this cause of action took place.

5.

Defendant, Father John Krzyzanski, closely interacted with and mentored the congregation's young members, including Plaintiff, Alfred Crea.

6.

Defendant, Father John Krzyzanski, directly supervised and counseled Plaintiff, including providing spiritual counselling related to the events given rise to this cause of action.

7.

Plaintiff and his family were members of the St. Philip Benizi Catholic Church congregation at the time of the events giving rise to this cause of action occurred.

8.

At all times referenced herein, Defendant, Father John Krzyzanski, was in a confidential relationship with Plaintiff as defined by O.C.G.A. § 24-9-22.

9.

At all times referenced herein, Defendant, Father John Krzyzanski, was Plaintiff's spiritual advisor as defined by O.C.G.A. § 24-9-22.

10.

At all times relevant and pertinent to the claims alleged herein, Defendant, Father John Krzyzanski, was in a confidential relationship with Plaintiff and was thereby situated to exercise a controlling influence over the will, conduct and interest of Plaintiff as defined by O.C.G.A. § 23-2-58.

11.

At all times relevant and pertinent to the claims alleged herein, Defendant, Father John Krzyzanski, was involved in the advising and counselling of Plaintiff and areas of Plaintiff's personal life.

12.

Defendant, Father John Krzyzanski, through manipulation, coercion, deception and fraud resulting from abuse of his confidential relationship with the Plaintiff, manipulated Plaintiff and committed child molestation on the Plaintiff.

13.

During the period of time that the Plaintiff was a minor, Defendant, Father John Krzyzanski, entered into an intimate, sexual relationship with Plaintiff.

14.

The aforementioned inappropriate, coercive and illegal conduct and relationship continued while Plaintiff was a minor.

15.

That the aforementioned child molestation took place largely in St. Philip Benizi Catholic Church, located at 591 Flint River Rd., Jonesboro, Georgia 30238.

16.

Various individuals and other priests associated with St. Philip Benizi Catholic Church knew of the Defendant, Father John Krzyzanski, inappropriate and illegal conduct and took no measures to warn or protect the Plaintiff.

17.

Defendant, Father John Krzyzanski, had a duty to warn and protect Plaintiff.

18.

The spiritual counselling provided by Defendant, Father John Krzyzanski, did not satisfy the aforementioned duties to warn and protect Plaintiff.

19.

At all times material hereto, Defendant, Father John Krzyzanski, acted within the course and scope of his employment with St. Philip Benizi Catholic Church and the Archdiocese of Atlanta.

## PUNITIVE DAMAGES

20.

The purpose of punitive damages is to punish and deter the Defendant from engaging in harmful conduct to others both now and in the future.

21.

The Defendant herein acted with willful misconduct, malice, fraud, oppression, wantonness and an entire want of care raising the presumption of conscience indifference to the consequences.

22.

Defendant by and through his conduct, has acted willfully, with malice, intending and achieving fraud such that Plaintiff is entitled to an award of punitive damages in accordance with the enlightened conscience of an impartial jury.

23.

The conduct of the Defendant amounts to a specific intent to cause harm as that term is defined by O.C.G.A. § 51-12-5.1 et seq.

# COUNT I

## **BREACH OF FIDUCIARY DUTY**

24.

Defendant, Father John Krzyzanski, was in a position to exercise a controlling influence over the will, conduct, and interests of the Plaintiff.

25.

Defendant, Father John Krzyzanski, had a fiduciary duty not to engage in any sexual relations with Plaintiff.

26.

Defendant, Father John Krzyzanski, had a fiduciary duty as a spiritual advisor of Plaintiff, not to coerce Plaintiff to engage in sexual misconduct with the Defendant.

27.

Defendant, Father John Krzyzanski, breached this fiduciary duty to Plaintiff and abused his confidential, clerical, and pastoral relationship by requesting and requiring Plaintiff to participate in sexual acts with the Defendant in such a manner as to be adverse to the interests of the Plaintiff.

28.

As a direct and proximate result of Defendant, Father John Krzyzanski's, breach of fiduciary duties, Plaintiff has suffered severe emotional distress, mental pain and suffering, and adverse physical consequences.

29.

As a direct and proximate result of Defendant's breach of fiduciary duties, Plaintiff has suffered physical pain and suffering.

30.

As a direct and proximate result of Defendant, Father John Krzyzanski's, breach of fiduciary duties, Plaintiff has been subjected to public scorn and difficulties.

## COUNT II

## NEGLIGENCE PER SE

31.

Defendant, Father John Krzyzanski, is guilty of negligence per se insofar as he had a legal duty as a spiritual advisor of Plaintiff not to engage in sexual conduct with Plaintiff pursuant to O.C.G.A. § 23-2-58.

32.

Defendant, Father John Krzyzanski, is guilty of *negligence per se* in that he is guilty of O.C.G.A. § 16-6-4 Child Molestation; Aggravated Child Molestation with respect to Plaintiff.

33.

Defendant, Father John Krzyzanski, is guilty of *negligence per se* in that he is guilty of O.C.G.A. § 16-6-5 Enticing a Child for Indecent Purposes with respect to Plaintiff.

34.

Defendant, Father John Krzyzanski, is guilty of *negligence per se* in that he is guilty of O.C.G.A. § 16-6-5.1 Sexual Assault with respect to Plaintiff.

35.

Defendant, Father John Krzyzanski, is guilty of *negligence per se* in that he is guilty of O.C.G.A. § 16-6-22.1 Sexual Battery with respect to Plaintiff.

36.

Defendant, Father John Krzyzanski, is guilty of *negligence per se* in that he is guilty of O.C.G.A. § 16-6-22.2 Aggravated Sexual Battery with respect to Plaintiff.

37.

As a direct and proximate result of Defendant, Father John Krzyzanski's, Negligence Per Se in violation of the aforementioned statutes, the Plaintiff has suffered severe emotional distress, mental pain and suffering, and adverse physical consequences.

38.

As a direct result of Defendant, Father John Krzyzanski's, Negligence Per Se in violation of the aforementioned statutes, Plaintiff has been subjected to public scorn and difficulties.

## COUNT III

## NEGLIGENCE

39.

Defendant, Father John Krzyzanski, is guilty of *negligence* in that he failed to exercise reasonable care with respect to Plaintiff.

40.

As a direct and proximate result of Defendant, Father John Krzyzanski's negligence, Plaintiff has suffered severe emotional distress, mental pain and suffering, and adverse physical consequences.

41.

As a direct and proximate result of Defendant, Father John Krzyzanski's negligence, Plaintiff has been subjected to public scorn and difficulties.

## COUNT IV

## FRAUD

42.

Defendant, Father John Krzyzanski, knowingly and intentionally made false representations of material fact to Plaintiff.

43.

As an advisee of Defendant, Father John Krzyzanski, Plaintiff justifiably relied on Defendant, Father John Krzyzanski's false representations and was thereby coerced into participating in sexual acts and sexual relationships with Defendant, Father John Krzyzanski in violation of several criminal statutes.

44.

As a direct and proximate result of Defendant, Father John Krzyzanski's fraudulent representations, Plaintiff has suffered severe emotional distress, mental pain and suffering, and adverse physical consequences.

45.

As a direct and proximate result of Defendant, Father John Krzyzanski's fraudulent representations, Plaintiff CM. has suffered physical pain and suffering.

46.

As a direct and proximate result of Defendant, Father John Krzyzanski's fraudulent representations, Plaintiff has been subjected to public scorn and difficulties.

## COUNT V

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47.

Defendant, Father John Krzyzanski, intentionally exercised undue influence and abused his position of power as a spiritual counselor and advisor of Plaintiff to induce and coerce Plaintiff into engaging in sexual relations and an inappropriate sexual relationship with Defendant, Father John Krzyzanski.

48.

Defendant, Father John Krzyzanski, physically impacted Plaintiff by inducing and coercing him into engaging in sexual acts with Defendant, Father John Krzyzanski.

49.

The sexual abuse, coercion, molestation, and inducement perpetrated by Defendant, Father John Krzyzanski, against Plaintiff were extreme and outrageous.

50.

As a direct and proximate result of Defendant, Father John Krzyzanski's conduct, Plaintiff has suffered severe emotional distress, mental pain and suffering, and adverse physical consequences.

51.

As a direct and proximate result of Defendant, Father John Krzyzanski's conduct, Plaintiff has suffered physical pain and suffering.

52.

As a direct and proximate result of Defendant, Father John Krzyzanski's conduct, Plaintiff has been subjected to public scorn and difficulties.

## COUNT VI

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

53.

Defendant was negligent as described above and below in exercising undue influence or allowing and continuing to allow Defendant, Father John Krzyzanski, to exercise undue influence to coerce Plaintiff into engaging in sexual misconduct with Defendant, Father John Krzyzanski.

54.

Defendant's conduct was extreme and outrageous and directly caused Plaintiff to suffer severe psychological and emotional distress.

55.

Plaintiff suffered and continues to suffer other damages as a result of Defendant's conduct.

56.

As a direct and proximate result of Defendant's actions, Plaintiff has suffered severe emotional distress, mental pain and suffering and adverse physical consequences.

57.

As a direct and proximate result of Defendant's actions, Plaintiff has suffered physical pain and suffering.

58.

As a direct and proximate result of Defendant's actions, Plaintiff has been subjected to public scorn and difficulties.

## COUNT VII

### NEGLIGENT FAILURE TO WARN

59.

Defendant knew or should have known of his dangerous and exploitative propensities as a sexual predator and unfit agent.

60.

Defendant, Father John Krzyzanski, knew or should have known of his dangerous and exploitative propensities as a sexual predator, child molester, and unfit agent.

61.

Despite knowledge of his dangerous and exploitative propensities as a sexual predator, child molester, and unfit agent, Defendant failed to warn those, including Plaintiff and his family who came in contact with Defendant, Father John Krzyzanski, of said propensities.

62.

Defendant's failure to warn Plaintiff and his family of Defendant, Father John Krzyzanski's propensities allowed Defendant, Father John Krzyzanski to assume an unfettered position of trust and authority as Plaintiff's spiritual counselor and advisor.

63.

Defendant's failure to warn Plaintiff of his propensities allowed Defendant, Father John Krzyzanski, to coerce, induce, and continue to coerce and induce Plaintiff into engaging in sexual relationships with him.

64.

Defendant's had a duty to warn Plaintiff and his family of Defendant, Father John Krzyzanski's propensities.

65.

As a direct and proximate result of Defendant's failure to warn Plaintiff, Plaintiff has suffered severe emotional distress, mental pain and suffering, and adverse physical consequences.

66.

As a direct and proximate result of Defendant's failure to warn, Plaintiff C.M. has been subjected to public scorn and ridicule.

## COUNT VII

## NEGLIGENT FAILURE TO PROTECT

67.

Defendant, Father John Krzyzanski, undertook the spiritual care and protection of the Plaintiff and his family.

68.

Defendant, Father John Krzyzanski, failed to protect the Plaintiff from his known propensity to coerce young and minor male church members to engage in sexual acts with him.

69.

As a direct and proximate result of Defendant's failure to protect Plaintiff, Plaintiff has suffered severe emotional distress, mental pain and suffering, and adverse physical consequences.

70.

As a direct and proximate result of Defendant's failure to protect the Plaintiff, Plaintiff has suffered physical pain and suffering.

71.

As a direct and proximate result of Defendant's failure to protect the Plaintiff, Plaintiff has been subjected to public scorn and difficulties.

## COUNT IX

## NEGLIGENCE

72.

Defendant owed a duty of reasonable care to Plaintiff as he was at all times acting as both spiritual advisor and agent of Plaintiff.

73.

Defendant breached this duty of care with respect to Plaintiff in light of the aforementioned negligence.

74.

As a direct and proximate result of Defendant's negligence, Plaintiff has suffered economic harms in terms of healthcare costs.

75.

These costs are in an amount to be provided.

76.

These costs will continue to be incurred into the future.

77.

As a direct and proximate result of Defendant's negligence, Plaintiff will suffer economic harms in terms of healthcare costs into the future.

**Count X**

**CHILD MOLESTATION AND AGGRAVATED CHILD MOLESTATION**

78.

Defendant Father John Krzyzanski committed the offence of child molestation when he committed immoral or indecent acts to or in the presence of or with the Plaintiff who was under the age of sixteen (16) years with the intent to arouse or satisfy the sexual desires of either the Plaintiff or the Defendant.

79.

Defendant Father John Krzyzanski committed the acts of aggravated child molestation when he committed acts of the offense of child molestation which acts physically injured the child and involved acts of sodomy.

## Count XI

### ATTORNEY'S FEES

80.

That the actions of the Defendant, Father John Krzyzanski, has been in bad faith, stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense.

WHEREFORE Plaintiff prays as follows:

a. That the process and Summons issue against the Defendant;

b. For trial by jury of twelve (12);

c. That judgment be compulsory and special damages entered against the Defendant in an amount to be decided by a fair and impartial jury;

d. That Plaintiff be awarded attorney's fees;

e. That Plaintiff be awarded the costs of Court;

f. That Plaintiff be awarded punitive damages in an amount to be determined by the enlightened conscious of an impartial jury; and

g. For such other and further relief as this Court deems just and proper.

Respectfully submitted,
**JOSEPH M. TODD, P.C.**

Joseph M. Todd
Attorney for Plaintiff
GA Bar No. 713750

104 S. Main Street
Jonesboro, GA 30236
Ph. 770-477-7878
joseph@josephmtodd.com