UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALFRED CREA,

      Plaintiff,

v.

FATHER JOHN KRZYZANSKI,

      Defendant.

CIVIL ACTION NO.
1:18-CV-00861-JPB

## ORDER

This matter is before the Court on Father John Krzyzanski's ("Defendant") Motion for Summary Judgment [Doc. 62] and Motion to Strike Expert Designations [Doc. 61]. This Court finds as follows:

### FACTS AND PROCEDURAL HISTORY

In this case, Alfred Crea ("Plaintiff") alleges that Defendant—a former priest at Plaintiff's church—sexually abused him when he was a child. [Doc. 1-1, p. 4]. Plaintiff presented evidence that in either 1999 or 2000, when he was six years old, Defendant asked him to leave his first communion classroom and come into the sanctuary for confession. [Doc. 51, p. 76]. Plaintiff contends that while in the sanctuary, Defendant made him reach underneath his robe and touch his genitalia. Id. at 76-78. Plaintiff further asserts that one week later, Defendant again asked him to leave his first communion class. Id. at 82. This time,

Defendant allegedly told Plaintiff to perform oral sex on him or he would not get into heaven. Id. at 82-84. Plaintiff complied with Defendant's request and performed oral sex. Id.

O.C.G.A. § 9-3-33.1(a)(2),[1] which governs childhood sexual abuse, requires a plaintiff to bring a civil action for damages suffered as the result of childhood sexual abuse before he or she turns twenty-three years old. Additionally, the statute provides:

> [f]or a period of two years following July 1, 2015, plaintiffs of any age who were time barred from filing a civil action for injuries resulting from childhood sexual abuse due to the expiration of the statute of limitations in effect on June 30, 2015, shall be permitted to file such actions against the individual alleged to have committed such abuse before July 1, 2017, thereby reviving those civil actions which had lapsed or technically expired under the law in effect on June 30, 2015.

§ 9-3-33.1(d)(1).

Plaintiff was born on April 27, 1992, and thus turned twenty-three years old on April 27, 2015. [Doc. 51, p. 9]. On June 28, 2017,[2] Plaintiff filed a Complaint ("First Complaint") against Defendant in the State Court of Clayton County

---

[1] For purposes of this case, the Court will apply the version of the statute that was in effect from July 1, 2015, to June 30, 2017, since this action was originally filed on June 27, 2017.

[2] Because Plaintiff was older than twenty-three, the revival language contained within O.C.G.A. § 9-3-33.1(d)(1) permitted Plaintiff to file his action on or before July 1, 2017.

2

alleging ten different causes of action: (1) breach of fiduciary duty; (2) negligence per se; (3) negligence; (4) fraud; (5) intentional infliction of emotional distress; (6) negligent infliction of emotional distress; (7) negligent failure to warn; (8) negligent failure to protect; (9) negligence; and (10) attorney's fees. [Doc. 62-10]. Plaintiff voluntarily dismissed the First Complaint on September 13, 2017.

On January 12, 2018, Plaintiff renewed the action by filing another Complaint ("Second Complaint") against Defendant in the State Court of Clayton County. [Doc. 1-1]. Defendant removed it to this Court on February 26, 2018. [Doc. 1]. The Second Complaint is nearly identical to the First Complaint. The only difference is the addition of a single cause of action which asserts both child molestation and aggravated child molestation. [Doc. 1-1].

Defendant moved for summary judgment on January 30, 2020. [Doc. 62]. Defendant argues that he is entitled to summary judgment for three reasons. Defendant first argues that Plaintiff's common law tort claims (like breach of fiduciary duty or negligence) were not revived by O.C.G.A. § 9-3-33.1 because those torts do not fall within the clear statutory language of the statute. Second, Defendant argues that Plaintiff's new cause of action asserting child molestation and aggravated child molestation was not properly renewed under O.C.G.A. § 9-2-61. Third, Defendant argues that Plaintiff's Second Complaint is completely

barred by the statute of repose.[3]  Alternatively, Defendant argues that O.C.G.A. § 9-3-33.1 is unconstitutional.

## LEGAL STANDARD

"Summary judgment is appropriate when the record evidence, including depositions, sworn declarations, and other materials, shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Feliciano v. City of Miami Beach, 707 F.3d 1244, 1247 (11th Cir. 2013) (quoting Fed. R. Civ. P. 56) (quotation marks omitted).  A material fact is any fact that "is a legal element of the claim under the applicable substantive law which might affect the outcome of the case."  Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).  A genuine dispute exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Ultimately, "[t]he basic issue before the court … is 'whether the evidence presents a sufficient disagreement to

---

[3] This argument was raised for the first time in Defendant's Reply Brief.  While it is generally true that "arguments raised for the first time in a reply brief are not properly before a reviewing court," Herring v. Sec'y, Dept. of Corr., 397 F.3d 1338, 1342 (11th Cir. 2005), this Court ordered oral argument and briefing on the issue.  [Doc. 83].  This Court also allowed Plaintiff to supplement his briefing after oral argument.  Because Plaintiff has had the opportunity to fully respond to the argument, this Court will analyze whether the statute of repose bars this action.

require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  Allen, 121 F.3d at 646 (citation omitted).

## STATUTE OF REPOSE

This Court will first address whether Plaintiff's claims are barred by the statute of repose.  As already stated above, O.C.G.A. § 9-3-33.1(a)(2) requires a plaintiff to bring a civil action for damages suffered as the result of childhood sexual abuse before he or she turns twenty-three years old.  A plaintiff above the age of twenty-three could also file a civil action but only if that plaintiff filed the action before July 1, 2017.  O.C.G.A. § 9-3-33.1(d)(1).

Plaintiff filed this action on January 12, 2018, when he was over the age of twenty-three.  Nevertheless, Plaintiff argues that the Second Complaint is timely because it was properly renewed under Georgia's renewal statute.  Specifically, Plaintiff argues that his First Complaint was unquestionably timely, and because his Second Complaint was filed only four months after he voluntarily dismissed the First Complaint, his Second Complaint is also timely.  This Court disagrees.

Georgia's renewal statute provides:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the

5

> requirement of payment of costs in the original action as required by subsection (d) of Code Section 9-11-41; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

O.C.G.A. § 9-2-61(a).  As a general rule, "[a] properly filed renewal action stands on the same footing as the original action with respect to statutes of limitation." Blackwell v. Goodwin, 513 S.E.2d 542, 544 (Ga. Ct. App. 1999).  This means that if a renewal action is properly filed within six months after dismissal of the original action, it remains viable even though the statute of limitation may have expired.  Id.  Importantly, however, although "[t]he renewal statute . . . expressly contemplates that its use will avoid the procedural bar of applicable statutes of limitation; it does not mention statutes of ultimate repose." Littleton v. Stone, 497 S.E.2d 684, 685 (Ga. Ct. App. 1998).

A distinct difference exists between a statute of limitation and a statute of repose.  On the one hand, a statute of limitation "provides the time within which a legal proceeding must be commenced after the cause of action accrues." Phagan v. State, 700 S.E.2d 589, 592 (Ga. 2010).  On the other hand, a statute of repose "limits the time within which an action may be brought but is not related to the accrual of the cause of action." Id.  The result of this difference is that

> [a] statute of repose stands as an unyielding barrier to a plaintiff's right of action. The statute of repose is absolute; the bar of the statute of limitation is contingent. The statute of repose destroys the previously existing rights so that, on the expiration of the statutory period, the cause of action no longer exists.

Wright v. Robinson, 426 S.E.2d 870, 871-72 (Ga. 1993) (citations omitted). Consequently, "[b]ecause a renewal action is a new action, rather than a continuation of the original case, and a new case cannot be based on a 'nonexisting cause of action,' a renewal action cannot be brought after dismissing a prior action after the expiration of the statute of repose." Littleton, 497 S.E.2d at 686. In other words, the renewal statute may not be used to avoid the expiration of the statute of repose. Id.

This Court finds that O.C.G.A. § 9-3-33.1 contains a statute of repose. The deadline for filing an action—a plaintiff's twenty-third birthday—bears no relation to when the cause of action accrued. Moreover, for those plaintiffs over the age of twenty-three, the July 1, 2017 deadline was likewise unrelated to when the cause of action accrued. As such, O.C.G.A. § 9-3-33.1 contains a statute of repose and not a statute of limitation. Thus, at issue in this case is whether Plaintiff was permitted to voluntarily dismiss his first suit and refile it within the six-month renewal period when the statute of repose contained in O.C.G.A. § 9-3-33.1 had expired. The statute of repose on Plaintiff's childhood sexual abuse claims expired on July 1,

2017, and his renewal action was not filed until January 12, 2018. Because Georgia's renewal statute cannot be applied to actions extinguished by a statute of repose, Plaintiffs' Second Complaint is barred by the statute of repose. Accordingly, Defendant is entitled to summary judgment on this ground. Because Plaintiff's action is barred by the statute of repose, this Court need not address Defendant's other summary judgment arguments.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment [Doc. 62] is **GRANTED**. Because Plaintiff's claims are barred by the statute of repose, Defendant's Motion to Strike Plaintiff's Expert Designations [Doc. 61] is **DENIED** as moot. The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 26th day of February, 2021.

J. P. BOULEE
United States District Judge